```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 14-22130-Civ-COOKE
                           (03-20483-Cr-COOKE)
                    MAGISTRATE JUDGE P.A. WHITE
```

ANDRE DOUGAN,                    :

    Movant,                      :

v.                               :          REPORT OF
                                                  MAGISTRATE JUDGE
UNITED STATES OF AMERICA,        :

    Respondent.                  :
_____

## I.   Introduction

Andre Dougan, a federal prisoner, has filed a pro se motion to vacate pursuant to 28 U.S.C. §2255, challenging the constitutionality of his convictions and sentences for various drug charges, entered following a jury verdict in criminal case number 03-20483-Cr-Cooke.

This case has now been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

No order to show cause has been issued because, on the face of the amended motion, it is evident movant is entitled to no relief. See Rule 4(b), Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

For its consideration of the movant's initial motion (Cv-DE#1), the Court has the Presentence Investigation Report, ("PSI"), the Court's Statement of Reasons ("SOR"), as well as, all relevant portions of the underlying criminal case under attack here.

## II.  Claims

Construing movant's arguments liberally as afforded *pro se* litigants pursuant to Haines v. Kerner, 404 U.S. 519 (1972), the movant challenges his sentence pursuant to the recent Supreme Court opinions in Alleyne v. United States, 570 U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and Descamps v. United States, __ U.S. __, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013).

## III.  Procedural History

The movant was charged with and convicted of conspiracy to import cocaine, conspiracy to possess with intent to distribute cocaine, importation of cocaine, and possession of cocaine with intent to distribute. (Cr-DEs#59,532).

On May 4, 2004, movant appeared for sentencing, at which time the Court sentenced him to life in prison, followed by ten years of supervised release. (Cr-DEs#531,532). The amended judgment was entered on the docket by the Clerk of Court on May 12, 2004. (Cr-DE#542). No direct appeal was filed. (Cv-DE#1:3).

Consequently, the convictions became final at the latest on **May 26, 2004,** ten days after the entry of the judgment, when time

expired for filing a notice of appeal.[1] Thus, the movant had one year from the time his conviction became final, or no later than **May 26, 2005,**[2] within which to timely file this federal habeas petition. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); see also, See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)). Applying the anniversary method to this case means petitioner's limitations period expired on **May 26, 2005.**

A little over **10 years** after his conviction became final, movant filed the instant §2255 motion on **June 4, 2014.**[3] (Cv-DE#1).

---

[1]Where, as here, a defendant does not pursue a direct appeal, his conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). On December 1, 2009, the time for filing a direct appeal was increased from 10 to 14 days days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). Moreover, now every day, including intermediate Saturdays, Sundays, and legal holidays are included in the computation. See Fed.R.App.P. 26(a)(1). However, since movant was sentenced prior to the effective date of the amendment, he had ten business days, excluding intermediate Saturdays and Sundays, within which to file his notice of appeal. See Fed.R.App.P. 26(a)(1)(B).

[2]See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)); see also, 28 U.S.C. §2255.

[3]Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's

IV.  Standard of Review

Pursuant to 28 U.S.C. §2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. §2255. In determining whether to vacate a movant's sentence, a district court must first determine whether a movant's claim is cognizable under Section 2255. See Lynn v. United States, 365 F.3d 1225, 1232-33 (11th Cir. 2004)(stating that a determination of whether a claimed error is cognizable in a Section 2255 proceeding is a "threshold inquiry"), *cert. denied*, 543 U.S. 891, 125 S. Ct. 167, 160 L. Ed. 2d 154 (2004). It is well-established that a Section 2255 motion may not be a substitute for a direct appeal. Id. at 1232 (*citing* United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593, 71 L.Ed.2d 816 (1982)).

The Eleventh Circuit promulgated a two-part inquiry that a district court must consider before determining whether a movant's claim is cognizable. First, a district court must find that "a defendant assert[ed] all available claims on direct appeal." Id. (*citing* Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). Second, a district court must consider whether the type of relief the movant seeks is appropriate under Section 2255. This is because "[r]elief under 28 U.S.C. §2255 is reserved for

---

internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); See Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Id. at 1232-33 (*quoting* Richards v. United States, 83 F.2d 965, 966 (11th Cir. 1988)(internal quotations omitted)). If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. §2255. To obtain this relief on collateral review, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." Frady, 456 U.S. at 166, 102 S.Ct. at 1584 (rejecting the plain error standard as not sufficiently deferential to a final judgment).

Under Section 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). See also Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)(explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous"). As indicated by the discussion below, the motion and the files and records of the case conclusively show that movant is entitled to no relief, therefore, no evidentiary hearing is warranted.

In addition, the party challenging the sentence has the burden

5

of showing that it is unreasonable in light of the record and the §3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The Eleventh Circuit recognizes "that there is a range of reasonable sentences from which the district court may choose," and ordinarily expect a sentence within the defendant's advisory guideline range to be reasonable. Id.

## V. Discussion - Timeliness

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation for a motion to vacate. Pursuant to 28 U.S.C. §2255(f), as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

See 28 U.S.C. §2255(f); see also, Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001). The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the movant. See e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

As will be recalled, movant's conviction became final on **May 26, 2004,** ten days after the entry of the judgment, when time expired for filing a notice of appeal. For purposes of the AEDPA's one-year federal limitations period, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than **May 26, 2005.** See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); see also, See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)). Pursuant to the mailbox rule, movant's motion was not filed until June 4, 2014, over **10 years** after movant's conviction became final, and over **9 years** after the one-year federal limitations expired. Consequently, movant is not entitled to statutory tolling of the limitations period.

Movant attempts to circumvent the limitations period, by arguing that the limitations period should commence to run from the

7

Supreme Court's June 17, 2013 decision in Alleyne, supra[4] and the Court's June 20, 2013 decision in Descamps, supra. Movant claims these decisions are retroactively applicable to cases on collateral review, and therefore his federal limitations period starts to run from the date it was issued by the Supreme Court.

However, the decision in Alleyne merely extended the rationale of Apprendi, which itself noted that the Sixth Amendment did not require "the fact of a prior conviction" to be submitted to a jury and proved beyond a reasonable doubt. See Starks v. FCC Coleman USP I, ___ F.3d. ___, 2013 WL 6670797 (11th Cir. 2113)(unpublished) (citing Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.")); see also Almendarez-Torrez v. United States, 523 U.S. 224, 247, 118 S.Ct. 1219, 1233, 140 L.Ed.2d 350 (1998)(holding that, for sentencing enhancement purposes, a defendant's prior conviction need not be alleged in the indictment or submitted to the jury and proved beyond a reasonable doubt).

In fact, the Alleyne Court explicitly stated that it was not

---

[4] In Alleyne, the Supreme Court overruled its prior precedent in Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). Harris had held that "brandishing" a firearm for purposes of 18 U.S.C. §924(c)(1)(A)(ii)—which triggered an increased mandatory minimum sentence—was a sentencing factor, rather than an element of the crime, which a judge could find at sentencing without violating the defendant's Sixth Amendment rights. Harris, 536 U.S. at 556, 568, 112 S.Ct. at 2414, 2420. In Alleyne, the Supreme Court concluded that "Harris drew a distinction between facts that increase the statutory maximum and facts that increase only the mandatory minimum," but "this distinction is inconsistent with our decision in Apprendi v. New Jersey, 530 U.S. 446, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and with the original meaning of the Sixth Amendment." Alleyne, 570 U.S. at ___, 133 S.Ct. at 2155. Thus, the Supreme Court in Alleyne held that any fact that increases a defendant's mandatory minimum sentence is an element of the crime that must be found by a jury. See Id. at ___, 133 S.Ct. at 2155.

revisiting "the narrow exception to this general rule for the fact of a prior conviction." Alleyne, 570 U.S. at ____, 133 S.Ct. at 2160 n.1. Apprendi was found not to be retroactively applicable to cases on collateral review.

Likewise, Descamps follows a line of Supreme Court decisions establishing the rules for determining when a defendant's prior conviction qualifies as one of the enumerated predicate offenses set forth in the Armed Career Criminal Act, 18 U.S.C. §924 ("ACCA"). In Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court adopted a "categorical approach," requiring sentencing courts to look at the statutory elements of the defendant's prior offenses, not the facts underlying those convictions. See Descamps, 133 S.Ct. At 2283-84 (discussing Taylor). The Court's Taylor decision also developed the "modified categorical approach," which allows sentencing courts to look beyond the statutory elements to "the charging paper and jury instructions" used in a case where the defendant's prior conviction is for violating a "divisible statute." Descamps, 133 S.Ct. at 2282-85 (discussing Taylor and Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)).

In Descamps, the Supreme Court determined that the California burglary statute is nondivisible and therefore the district court could not apply the modified categorical approach to the defendant's California burglary conviction. Id. at 2285-86.

Recently, the Eleventh Circuit had determined that Alleyne, an extension of Apprendi, is also not retroactively applicable to cases on collateral review. Starks, supra; see also, Chester v. Warden, ___ Fed.Appx. ___, 2014 WL 104150 (11th Cir. 2014)(unpublished)(citing, Dohrmann v. United States, 442 F.3d

1279, 1281-82 (11th Cir. 2006); <u>McCoy v. United States</u>, 266 F.3d 1245, 1256-58 (11th Cir. 2001)(holding that <u>Apprendi</u> is not retroactively applicable to cases on collateral review)).

Other courts who have considered the issue have also held that <u>Alleyne</u> has not been made retroactively applicable to cases on collateral review. <u>See In re Payne</u>, No. 13-5103, 2013 WL 5200425, at *1-*2 (10th Cir. Sept. 17, 2013) (agreeing with the Seventh Circuit that <u>Alleyne</u> is an extension of <u>Apprendi</u> and does not apply retroactively); <u>Simpson v. United States</u>, 721 F.3d 875, 876 (7th Cir. 2013) (holding that <u>Alleyne</u>, like <u>Apprendi</u>, was not made retroactive); <u>Frank v. United States</u>, Nos. CV 113-113, CR 103-045, 2013 WL 4679826, at *3 n. 1 (S.D.Ga. Aug. 30, 2013) ("The Court is not aware of any authority indicating that <u>Alleyne</u> is retroactively applicable, and the case itself provides no such indication."); <u>Ward v. United States</u>, No. 1:02-cr-00063-MR-1, 2013 WL 4079267, at *2 (W.D.N.C. Aug. 13, 2013) (finding that petitioner's motion was untimely and §2255(f)(3) did not apply because the Supreme Court has not found that <u>Alleyne</u> is retroactive to cases on collateral review); <u>Luney v. Quintana</u>, No. 6:13-003-DCR, 2013 WL 3779172, at *3 (E.D.Ky. July 18, 2013) (noting that "there is no indication in ... <u>Alleyne</u>, that the Supreme Court made [that] holding retroactive to cases on collateral review.").

Likewise, <u>Descamps</u> has not been made retroactively applicable to cases on collateral review. <u>United States v. Boykin</u>, 2014 WL 2459721 (N.D. Fla. 2014); <u>Johnson v. United States</u>, 2014 WL 2215772 (M.D. Fla. 2014); <u>see also</u> <u>United States v. Chapman</u>, __ F.Supp.2d __, 2014 WL 1931814 (S.D. Tex. 2014)("While no circuit court has addressed the issue, the district courts that have done so consistently hold that <u>Descamps</u> does not apply retroactively to cases on collateral review.")(citations omitted); <u>Harr v. United</u>

10

States, 2014 WL 1674085 (C.D. Ill. 2014)("Descamps did not announce a new rule, but rather reaffirmed existing Supreme Court precedent while rejecting the Ninth Circuit Court of Appeal's departure from established Supreme Court caselaw.").

Consequently, a movant's belated realization of the purported legal significance of the facts does not delay commencement of the limitations period. As indicated above, movant appears to be improperly confusing his knowledge of the factual predicate of his claims with the time permitted for gathering evidence and/or additional legal support thereof. See Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998). See also Worthen v. Kaiser, 952 F.2d 1266, 1268-68 (10th Cir. 1992)(holding that habeas petitioner's failure to discover the legal significance of the operative facts does not constitute cause).

Finally, movant has not demonstrated that any unconstitutional government action prevented him from timely filing the instant §2255. See 28 U.S.C. §2255(f)(2).

Although movant's section 2255 motion is clearly untimely under §2255(f)(1)-(3), this does not, however, end the inquiry. In certain instances, the limitation period may run from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255(f)(4). Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). See also Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005)(holding that an unrelated state court decision which established an abstract proposition of law helpful to petitioner's habeas claim did not constitute a "factual predicate" for purposes of triggering one-year period of limitations). In other words, the discovery of a new legal theory does not constitute a discoverable

11

"fact" for purposes of §2255(f)(4). See Barreto-Barreto, 551 F.3d at 99 n.4 (finding that discovery of new legal theory does not constitute discoverable "fact" for purposes of §2255(f)(4)); Owens v. Boyd, 235 F.3d at 359.

Here, the movant does not assert new facts to establish his claim. Rather, movant suggests that the legal landscape regarding the issue has changed in light of the Supreme Court's recent decisions in Alleyne and Descamps. However, the discovery of a new legal theory does not constitute a discoverabele fact for purposes of §2255(f).

Movant is also not entitled to equitable tolling of the limitations period. The United States Supreme Court has held that the one-year limitations period is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. ___, 130 S.Ct. 2549 (2010). The burden is on the petitioner to demonstrate that he is entitled to the extraordinary relief of equitable tolling. Holland, 130 S.Ct. at 2562. See also Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007). A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he/she has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his/her way. Pace v. DiGuglielmo, 544 U.S. 408, 418-19 (2005)(citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). See also Diaz v. Secretary for Dept. of Corr., 362 F.3d 698, 702 (11th Cir. 2004)(characterizing the equitable-tolling standard as a two-part test, stating that "equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence."(emphasis supplied)).

As discussed previously, movant does not provide any

12

explanation why he waited over nine years to file his first §2255 motion. He is now attempting to circumvent the limitations period by challenging his convictions and sentences in light of the recent Supreme Court Alleyne and Descamps decisions. However, as noted above, these decisions are not retroactively applicable to cases on collateral review. Consequently, the filing of this federal petition remains time-barred.

Next, to the extent movant suggests that he is an unskilled layperson who has limited knowledge of the law and is, therefore, entitled to liberal treatment, this argument also warrants no relief.[5] Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required); Carrasco v. United States, 2011 WL 1743318, *2-3 (W.D.Tex. 2011)(finding that movant's claim that he just learned of Padilla decision did not warrant equitable tolling, although movant was incarcerated and was proceeding without counsel, because ignorance of the law does not excuse failure to timely file §2255

---

[5]As correctly maintained by Movant, pro se filings are subject to less stringent pleading requirements, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and should be liberally construed with a measure of tolerance. See Haines v. Kerner, 404 U.S. 519 (1972). See also Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005); Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991). However, contrary to Movant's apparent belief, the policy of liberal construction for pro se litigants' pleadings does not extend to a "liberal construction" of the one-year limitations period.

motion); Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5th Cir. 2000)(citing cases), cert. denied, 531 U.S. 1035 (2000)(holding that ignorance of law and pro se status are insufficient to toll statute of limitations); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); United States v. Flores, 981 F.2d 231, 236 (5th Cir.1993)(holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)(illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)(holding equitable tolling of limitations period within the Age Discrimination in Employment Act was not warranted by plaintiff's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights).

Under the totality of the circumstances present here, the movant's dilatory behavior cannot qualify him for equitable tolling. As a result of movant's failure to diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable or statutory tolling. Consequently, this §2255 motion should be dismissed as time-barred.

## VI.  Evidentiary Hearing

To the extent movant requests an evidentiary hearing, it should be denied. The movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. See Townsend v. Sain, 372 U.S. 293, 307 (1963). No such showing has been made here. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979).

## VII. <u>Certificate of Appealability</u>

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A §2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." <u>See</u> <u>Fed.R.App.P</u>. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. <u>See</u> 28 U.S.C. §2255 Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); <u>see also</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Eagle v. Linahan</u>, 279 F.3d 926, 935 (11th Cir. 2001). After review of the record in this case, the Court finds the movant has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. <u>See</u> <u>Slack</u>, 529 U.S. at 485; <u>Edwards v. United States</u>, 114 F.3d 1083, 1084 (11th Cir. 1997). Consequently, issuance of a certificate of appealability is

not warranted and should be denied in this case. Notwithstanding, if movant does not agree, he may bring this argument to the attention of the district judge in objections.

## VIII. Conclusion

Based on the foregoing, it is recommended as follows: (1) the motion to vacate be dismissed as time-barred; (2) that no certificate of appealability issue; and, (3) that the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 12th day of June, 2014.

UNITED STATES MAGISTRATE JUDGE

cc:   Andre Dougan, Pro Se
      Reg. No. 63260-004
      Allenwood - USP
      Inmate Mail/Parcels
      P.O. Box 3000
      White Deer, PA 17887

      United States Attorney's Office
      Miami, FL